UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

SARA WISE a/k/a SARA HOFFMAN,

        Plaintiff

    -against-

OVERTON, RUSSELL, DOERR & DONOVAN,
LLP and SAMARITAN HOSPITAL,

        Defendants

-------------------------------------------------------------x

**COMPLAINT**

Case No.: 1:17-CV-0869 (FJS/CFH)


## PRELIMINARY STATEMENT

1. The Plaintiff SARA WISE a/k/a SARA HOFFMAN (hereinafter "Plaintiff") brings this lawsuit based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendant Overton, Russell, Doerr & Donovan, LLP (ORDD). These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The Plaintiff also alleges claims herein for negligence against the above-named Defendant Samaritan Hospital (SH).

2. Based upon the violations of the FDCPA committed by the Defendant ORDD, as set forth and alleged herein, the Plaintiff is entitled to statutory damages, actual damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.

3. Based upon the negligence exhibited by the Defendant SH, the Plaintiff is entitled to

actual damages pursuant to the law of the State of New York.

## PARTIES

4. The Plaintiff is a natural person.

5. At all times relevant to this Complaint, the Plaintiff was a citizen of, and otherwise resided in, Philmont, New York.

6. The Defendant Overton, Russell, Doerr & Donovan, LLP ("ORDD"), is a partnership of lawyers and maintains a principle place of business located at 19 Executive Park Drive, Clifton Park, New York.

7. The Defendant ORDD collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail and telephone.

8. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. The Defendant SH is a medical provider and maintains a principle place of business located at 2215 Burdett Avenue, Troy, New York.

## JURISDICTION & VENUE

10. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

11. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because each Defendant is subject to personal jurisdiction in

the State of New York at the time this action was commenced. Plaintiff also invokes the supplemental jurisdiction of this court for her New York state law claim pursuant to 28 U.S.C. § 1367.

### FACTS CONCERNING THE PLAINTIFF

12. The Plaintiff repeats and reiterates each preceding paragraph as if same is stated at length herein.
13. Sometime in 2015, the Defendant SH provided medical services to the Plaintiff.
14. At the time of her admission for said medical services, the Plaintiff provided a military Tricare insurance card regarding the military medical insurance maintained by her husband.
15. Plaintiff's husband is the primary person covered under his military health insurance policy and the Plaintiff is covered as a secondary person in regard to the policy.
16. The regular course of procedure for a health care provider seeking payment from a military insurance policy is to provide the social security number of the primary person insured, in this case the Plaintiff's husband.
17. Instead of providing the social security number of the Plaintiff's husband to Tricare insurance company, the Defendant SH incorrectly provided the Plaintiff's social security number to Tricare insurance company.
18. As a result of this reporting error, Tricare insurance company did not sent payment to the Defendant SH for the medical services rendered to the Plaintiff.
19. At a time unknown to the Plaintiff, the Defendant ORDD was retained by SH to collect

the medical debt owed by the Plaintiff which should have been paid by Tricare insurance company.

20. The medical services were incurred by the Plaintiff for personal purposes.

21. In the attempt to collect the medical debt which should have been paid by Tricare, the Defendant ORDD filed a civil Summons and Complaint in the Supreme Court for the State of New York, County of Columbia, on February 14, 2017. A copy of the Summons and Complaint in regard to said lawsuit is attached hereto as Exhibit "1".

22. The Defendant SH was named as the Plaintiff in the civil lawsuit, and the Plaintiff was named as the Defendant in the lawsuit.

23. The Complaint filed by the Defendant ORDD alleged that the Plaintiff was indebted for medical services in the amount of $16,060.10.

24. On or about March 18, 2017, the Summons and Complaint in the herein referenced civil lawsuit filed against the Plaintiff was served upon the Plaintiff's father.

25. The Plaintiff's father delivered the Summons and Complaint to the Plaintiff.

26. Confused as to why she was being sued for a medical debt which should have been paid in full by Tricare, the Plaintiff contacted the Defendant ORDD via telephone.

27. Upon contacting the Defendant ORDD, the Plaintiff spoke with a person employed as a non-attorney debt collector.

28. The Plaintiff explained to the debt collector employed by the Defendant ORDD that she had just received the Summons and Complaint in the civil lawsuit referenced herein.

29. The debt collector employed by the Defendant ORDD would not provide any information regarding the "should have been paid by Tricare" medical debt.

30. The debt collector employed by the Defendant ORDD advised the Plaintiff that she was required to write a letter to the Defendant ORDD requesting therein a copy of the itemized SH bill.

31. The Plaintiff interpreted the instruction provided by the Defendant ORDD as all that was needed to be done in response to the Summons and Complaint, thus the Plaintiff did not file a response to the Complaint with the Supreme Court, Columbia County.

32. As a policy and practice, the Defendant ORDD does not allow consumers to send communications via email or facsimile, but instead requires all communications be sent via regular mail.

33. The refusal to accept email or facsimile transmissions from consumers is patently unfair in the year 2017. Many of the consumers forced to communicate via writing with the Defendant ORDD are under severe time constraints due to judgments enforcement proceedings filed by the Defendant ORDD.

34. After speaking with the debt collector employed by the Defendant ORDD, the Plaintiff called Tricare insurance company and asked if they possessed a bill from the Defendant SH from 2015.

35. The Plaintiff was advised by a person employed by Tricare insurance company that Tricare had no record of the SH bill.

36. Thereafter, the Plaintiff contacted the Defendant SH in the attempt to compel the Defendant SH to resubmit the bill to Tricare insurance company.

37. The Plaintiff was advised by a person employed by the Defendant SH that the Defendant SH did not possess any records of the bill.

38. The Plaintiff then contacted the Defendant ORDD again via telephone in an attempt to compel the Defendant ORDD to resubmit the bill to Tricare insurance company.

39.  The Plaintiff was advised by a non-attorney debt collector employed by the Defendant ORDD could not resubmit the bill to Tricare insurance company and that the Plaintiff would have to resubmit the bill.

40. As the Plaintiff did not possess the bill, she was not able to resubmit the bill to Tricare.

41. On June 9, 2017, a default judgment was entered by the Defendant ORDD against the Plaintiff in the amount of $19,599.46. A copy of said default Judgment is attached hereto as Exhibit "2".

42. In the attempt to execute upon the judgment, the Defendant ORDD sent a document entitled "NOTICE OF JUDGEMENT" dated June 19, 2017 to the Plaintiff. A copy of said NOTICE is attached hereto as Exhibit "3".

43. Said NOTICE sets forth in part:

> "Our records indicate that we entered a judgement against you on behalf of our client, SAMARITAN HOSPITAL, on June 9, 2017. Your judgment has continued to accumulate interest at a rate of 9% per year. It will remain a public record for TWENTY YEARS, during which it will be available for inspection by your creditors, credit bureaus, title companies, employers, banks or anyone who is interested in your background…..Your status as a judgment debtor may prevent you from obtaining credit, obtaining a mortgage or loan, selling your property or obtaining certain types of employment. The judgment creditor may also freeze your bank account or garnish your wages….You need to resolve this matter immediately to avoid further judgment enforcement. Interest will accrue after the date of this letter and your balance will increase. IT IS NOT TOO LATE TO MAKE A PAYMENT ON THIS MATTER OR TO SETTLE THIS JUDGMENT. PLEASE CALL OUR OFFICE TO DISCUSS PAYMENT OPTIONS."

44. The statements set forth on the NOTICE sent by the Defendant are false, deceptive and misleading for a multitude of reasons.

45. The statements create a false sense of urgency by advising consumers that the judgment must be resolved "immediately".

46. The statements overstate the breadth of garnishment proceeding invoked in judgment enforcement in New York in that the statements imply that all of a consumer's wages will be garnished when, as a matter of law, wage garnishments are limited to a certain percentage of a judgment debtor's gross income.

47. The statements falsely imply that once a judgment is entered, there is no other mechanism to prevent the potential numerous negative ramifications of judgment enforcement when, as a matter of law, a judgment debtor can file an order to show cause to vacate the default judgment.

48. Here, the Plaintiff would be able to move to vacate the default judgment as she failed to answer the Complaint based upon representations made by the Defendant ORDD and based upon the fact that she has a viable defense to the claims set forth in the Complaint.

49. As a result of the Defendants' violations of the FDCPA the Plaintiff suffered actual damages including anxiety, stress and worry.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

50. The Defendants violated 15 U.S.C. § 1692e by engaging in false, deceptive and misleading debt collection tactics.

51. The Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of a debt.

52. The Defendant violated 15 U.S.C. § 1692f by engaging in unfair debt collection practices.

## AS AND FOR A SECOND CAUSE OF ACTION

## NEGLIGENCE

53. The Plaintiff repeats and reiterates the forgoing paragraphs as if stated at length herein.

54. Upon admission to the SH, the Plaintiff provided her military Tricare insurance information to the Defendant SH.

55. The Defendant SH understands that military medical insurance requires the sending of medical bills to carriers such as Tricare under the name of the primary insured and that the primary insured's social security number be included in the payment request.

56. In this case the primary insured is the Plaintiff's husband.

57. The Defendant SH had a duty to tender the Plaintiff's medical bill to Tricare under the name of the Plaintiff's husband and to provide his social security number at the time of tender.

58. The Defendant breached its duty by improperly tendering the Plaintiff's medical bill to Tricare under the name and social security number of the Plaintiff instead of the name and social security number of the Plaintiff's husband.

59. But for the Defendant's breach of it's duty described herein, Tricare would have timely paid the medical debt incurred by the Plaintiff to the Defendant SH, the debt would not have been referred to the Defendant ORDD for collection, the Plaintiff would not have

been named as a Defendant in the lawsuit commenced by the Defendant ORDD on behalf of the Defendant SH and the Plaintiff would not have been subjected to the myriad of negative ramifications of being a judgment debtor as same are described in the NOTICE OF JUDGMENT sent by the Defendant ORDD to the Plaintiff.

60. It was foreseeable to the Defendant SH that failure to properly submit the Plaintiff's medical debt to Tricare would result in non-payment of the Plaintiff's medical debt and would otherwise cause the negative ramifications for the Plaintiff as demonstrated herein.

61. As a result of the Defendant's breach of duty, the Plaintiff was improperly sued by the Defendant ORDD and suffered damages in regard thereto including, but not limited to, aniexty and worry.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff as set forth below:

AS AGAINST THE DEFENDANT ORDD:

(i)   The maximum statutory damages as are allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(ii)  Actual damages in an amount to be determined at the time of trial pursuant to 15 U.S.C. § 1692k(a)(1).

(iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

<u>AS AGAINST THE DEFENDANT SH</u>

Actual damages based upon negligence under New York law.

(iv)     For such other and further relief as may be just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff demands that this case be tried before a Jury.

DATED: New York, New York
          August 4, 2017

          ROBERT L. ARLEO, ESQ. P.C.

By: <u>/ s /  *Robert L. Arleo*</u>
     ROBERT L. ARLEO
     380 Lexington Avenue
     17th Floor
     New York, New York 10168
     PHONE (212) 551-1115
     FAX: (518) 751-1801
     Email: robertarleo@gmail.com
     Attorney for the Plaintiff

Case 1:17-cv-00869-FJS-CFH Document 1 Filed 08/08/17 Page 11 of 11